**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                         *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAYANN GOODE,** | : | **Civil Action No.** |
| 2859 Sebring Road | : | |
| Philadelphia, PA 19152 | : | |
|     Plaintiff, | : | |
| | : | |
|   v. | : | **Complaint and Jury Demand** |
| | : | |
| **TEMPLE UNIVERSITY d/b/a** | : | |
| **TEMPLE UNIVERSITY KORNBERG** | : | |
| **SCHOOL OF DENTISTRY,** | : | |
| 3223 N Broad Street | : | |
| Philadelphia, PA 19140 | : | |
| | : | |
| 1801 N Broad Street | : | |
| Philadelphia, PA 19122 | : | |
|     Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Jayann Goode (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Temple University d/b/a Temple University Kornberg School of Dentistry (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO") and the Family and Medical Leave Act of 1993, as amended ("FMLA"), breach of contract and detrimental reliance.  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Temple University d/b/a Temple University Kornberg School of Dentistry is a public research university and dental school with a location at 3223 N Broad Street, Philadelphia, PA 19140 and corporate headquarters 1801 N Broad Street, Philadelphia, PA 19122.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year relevant to the matter at issue.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under the ADA, the PHRA and the PFPO.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on March 13, 2024, alleging disability discrimination and retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2024-04340 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated January 3, 2025.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. In or around February 2022, Defendant hired Plaintiff in the position of Senior Billing Representative.

23. Plaintiff was well qualified for her position and performed well.

24. Upon being hired, Plaintiff notified Sonya Bryant-Lockett, Director, and Angelina Fagan, Direct Supervisor, of her disability, Irritable Bowel Syndrome ("IBS"), in person and via email.

25. IBS is a serious medical condition that is considered a disability under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

26. The major life activities affected by IBS include, but are not limited to, working and digestive function.

27. Bonny Reeder, Human Resources, and Sean Patton, Human Resources, requested a doctor's note and medical paperwork detailing Plaintiff's disability.

28. Plaintiff provided all requested documentation of her disability via email scan to Reeder, Patton and Molly McCaffrey, Medical Benefits Supervisor.

29. On or around March 6, 2023, Plaintiff applied for Intermittent Family and Medical Leave Act ("FMLA") leave in connection with her disability.

30. In or around mid-March 2023, McCaffrey notified Plaintiff that her Intermittent FMLA request was approved.

31. On or around May 9, 2023, Reeder issued Plaintiff a writeup for unauthorized absences.

32. Importantly, each of the absences Defendant identified were covered under Plaintiff's approved Intermittent FMLA leave.

33. Plaintiff previously brought doctor's notes in for each of these absences, excusing her from work under the FMLA in connection with her IBS.

34. Immediately thereafter, Plaintiff complained to Paul Grubb, Head Union Representative, about Defendant's retaliatory acts via phone call.

35. Grubb stated that he needed more details to investigate the situation.

36. Grubb stated he would call Plaintiff back to gather more information from her.

37. Grubb never called Plaintiff back.

38. Plaintiff followed up with an email detailing Defendant's retaliatory actions.

39. Grubb never responded to Plaintiff's email.

40. Plaintiff complained to Bryant-Lockett in person about her write up for alleged unauthorized absences as well.

41. Bryant-Lockett informed Plaintiff that Human Resources had issued the write up and that she did not know the reasoning behind it.

42. In or around June 2023, Bryant-Lockett and Fagan informed Plaintiff in a meeting that she would receive her own desk at Defendant.

43. However, instead, Fagan isolated Plaintiff within Defendant.

44. Defendant moved Plaintiff's workspace to an empty back room within Defendant's building.

45. Here, Plaintiff had no contact with other employees.

46. This action was retaliatory.

47. Non-disabled employees in Plaintiff's position at Defendant were given their own desks and were not forced to work in the back room of Defendant.

48. At this time, Bryant-Lockett and Fagan also informed Plaintiff that it would be changing Plaintiff's job duties.

49. Instead of taking payments from customers and patients, Plaintiff was assigned to computer duties only, posting insurance.

50. This strictly limited Plaintiff's interactions with clients and patients.

51. Non-disabled Senior Billing Representatives did not have their job duties changed.

52. In or around late August 2023, Plaintiff's disability symptoms worsened.

53. As a result, Dr. Marc Garfield, Plaintiff's Primary Care Physician, placed Plaintiff on continuous FMLA leave due to her IBS.

54. Dr. Garfield wrote Plaintiff a note stating that she would be on continuous FMLA leave through November 12, 2023, unless Defendant allowed her to work remotely before that date.

55. Plaintiff provided Dr. Garfield's note to McCaffrey via email.

56. Upon starting her continuous FMLA leave, Plaintiff applied to work from home so that she could return to work from her FMLA leave earlier.

57. Plaintiff submitted her accommodation request to Felicia Brown, Human Resources, via email.

58. Importantly, Plaintiff could perform the essential functions of her position working remotely.

59. Plaintiff spoke with Brown on the phone to discuss this accommodation request.

60. Brown stated that Defendant "should be able to accommodate [Plaintiff] in that way," or words to that effect.

61. Thereafter, Brown asked Plaintiff if someone had spoken with her about her attendance.

62. Plaintiff responded that her absences were covered under her Intermittent FMLA leave.

63. From September to October 9, 2023, Plaintiff remained on continuous FMLA leave.

64. McCaffrey told Plaintiff that her FMLA leave had expired and that she needed to return to work on October 9, 2023.

65. Plaintiff continued to follow up with Brown through phone calls and emails about her accommodation request to work remotely.

66. However, Brown did not respond to Plaintiff.

67. On or around October 23, 2023, Brown called Plaintiff and informed her that Defendant would not accommodate her request to work remotely.

68. Brown then accused Plaintiff of not being properly trained in the insurance process.

69. Plaintiff informed Brown that Defendant had changed her job duties to insurance, but that she had been properly trained.

70. Following this call, Plaintiff emailed Brown reiterating that she was trained to post insurance and could do this task from home.

71. Plaintiff sent proof of insurance verifications postings that she had already been doing as part of her job duties.

72. Brown then followed up with a call to Plaintiff.

73. Brown reiterated to Plaintiff that Defendant would not be able to accommodate Plaintiff's disability.

74. Later that day, Plaintiff emailed McCaffrey requesting to extend her continuous FMLA leave due to Defendant denying her reasonable accommodation request to work remotely.

75. However, McCaffrey did not respond to Plaintiff's email.

76. On or around October 27, 2023, Reeder emailed Plaintiff a termination letter.

77. The alleged reason for termination was for no call no shows for the last three (3) days.

78. However, for each of these days, Plaintiff called out of work through Human Resources' call out voicemail line.

79. Defendant discriminated against Plaintiff due to her disability, denied her request for a reasonable accommodation and retaliated against her for requesting a reasonable accommodation in violation of the ADA, the PHRA and the PFPO.

80. In addition, Defendant retaliated against Plaintiff for utilizing her rights under the FMLA.

81. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

82. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

83. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

84. Plaintiff was qualified to perform the job.

85. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

86. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

87. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

88. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

89. The purported reason for Defendant's decision is pretextual.

90. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

91. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

92. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

93. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

94. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

95. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

96. Plaintiff was qualified to perform the job.

97. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

98. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

99. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

100. Plaintiff's disabilities motivated Defendant's decision to constructively discharge Plaintiff.

101. The purported reason for Defendant's decision is pretextual.

102. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

103. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

104. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

105. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

106. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

107. Plaintiff was qualified to perform the job.

108. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

109. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

110. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

111. Plaintiff's disabilities motivated Defendant's decision to constructively discharge

11

Plaintiff.

112. The purported reason for Defendant's decision is pretextual.

113. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

114. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

115. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

116. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

117. Plaintiff engaged in activity protected by the ADA.

118. Plaintiff requested reasonable accommodations due to her disability to Defendant.

119. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

120. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

121. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

122. Plaintiff engaged in activity protected by the PHRA.

123. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

124. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

125. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

126. Plaintiff engaged in activity protected by the PFPO.

127. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

128. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## THE FAMILY AND MEDICAL LEAVE ACT OF 1993

129. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

130. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible

for leave under the FMLA.

131. At all times material, Defendant knew, or should have known, of Plaintiff's need for Intermittent and continuous FMLA Leave to care for her own serious medical condition.

132. Plaintiff gave Defendant sufficient information to allow it to understand that she needed Intermittent and continuous leave for FMLA-qualifying reasons.

133. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

134. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

135. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's Intermittent and continuous FMLA leave.

136. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

137. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

138. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages

proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

139. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jayann Goode, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the PHRA, the PFPO and the

FMLA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: April 3, 2025        By:  */s/David M. Koller*
                                David M. Koller, Esquire
                                Jordan D. Santo, Esquire
                                2043 Locust Street, Suite 1B
                                Philadelphia, PA 19103
                                215-545-8917
                                davidk@kollerlawfirm.com
                                jordans@kollerlawfirm.com

                                *Counsel for Plaintiff*