IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAYANN GOODE**, <br><br> Plaintiff, <br><br> v. <br><br> **TEMPLE UNIVERSITY d/b/a TEMPLE UNIVERISTY KORNBERG SCHOOL OF DENTISTRY**, <br><br> Defendant. | **CIVIL ACTION** <br><br> **NO. 25-1724-KSM** |

## SCHEDULING ORDER

**AND NOW**, this 9th day of July, 2025, following a preliminary pretrial conference, it is **ORDERED** as follows:

1. Counsel shall participate in a settlement conference with Magistrate Judge Carol Sandra Moore Wells to be held via Zoom on **October 23, 2025, at 10:00 a.m.**

2. All motions to amend the complaint and to join or add additional parties shall be filed no later than **July 14, 2025**.

3. All fact discovery shall be completed no later than **November 7, 2025**. The parties shall submit a letter to the Court identifying the dates that they have set aside for deposition no later than **July 22, 2025**.

4. Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report or answer to expert interrogatory no later than **October 10, 2025**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve the information on counsel for every other party no later than **October 24, 2025**. Expert

depositions, if any, shall be concluded no later than **November 7, 2025**.

5. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages set forth in the preceding paragraph, serve opposing parties with concise details and/or documents covering the lay opinions of the Rule 701 witnesses, including the identity of each witness offering the expert opinion, the substance and the basis for each opinion.

6. Motions for summary judgment shall be filed no later than **December 5, 2025**. Responses shall be filed no later than **December 19, 2025**. Motions for summary judgment and responses shall meet the following guidelines:

(a) The movant shall file a Statement of Undisputed Facts which sets forth, in numbered paragraphs, each material fact which the movant contends is undisputed and provide a Word version of this document to respondent;

(b) Using the Word version of the movant's Statement of Undisputed Facts, the respondent shall respond to each numbered paragraph in line. The respondent shall also set forth, in separate numbered paragraphs, each additional fact which the respondent contends precludes summary judgment and share a word version with the movant and the movant shall respond thereto following the same procedure outlined herein;

(c) All material facts set forth in the Statement of Undisputed Facts served by the movant or in the Additional Statement of Undisputed Facts served by the respondent shall be deemed undisputed unless specifically controverted by the opposing party;

(d) Statements of undisputed facts in support of or in opposition to a motion for summary judgment shall include *specific* and not general references to the parts of

the record which support each statement. Each stated fact shall *cite* the source relied upon, including the title, page and line of the document supporting each statement. Parties are encouraged to refer to prior paragraphs rather than repeat the allegations contained therein;

(e) Each exhibit should be filed as a *separate* attachment to the Statement of Undisputed Facts. A Table of Contents must be included with any set of exhibits submitted in support of or in opposition to a motion for summary judgment; and

(f) **All PDF documents filed must be *text searchable*.**

(g) All transcripts filed as exhibits must be formatted to fit one transcript page per printed page (full-page format), rather than four transcript pages per printed page (condensed format).

7. *Daubert* motions, if any, shall be filed no later than **December 5, 2025**. Responses shall be filed no later than **December 19, 2025**. *Daubert* challenges will be waived unless a timely motion under this paragraph is filed.

8. No later than **January 30, 2026**, counsel for each party shall serve upon counsel for every other party a copy of each exhibit the party expects to offer at trial.

9. No later than **February 6, 2026**, the parties shall file objections, if any, to designations of deposition testimony which shall set forth the page and line numbers of the challenged testimony and a clear statement for the basis of the objection. The objecting party shall deliver to chambers a copy of the deposition transcript with the challenged testimony highlighted. Any objection not made in conformity with this Order will be deemed waived.

10. All motions *in limine* shall be filed no later than **February 13, 2026**. Responses, if any, shall be filed no later than **February 23, 2026**. Any brief or memorandum filed in

support of or in opposition to a motion *in limine* must be limited to five (5) pages of double-spaced 12-point font. Absent leave of court, a party shall not file more than five (5) motions *in limine*.

    11.    No later than **March 3, 2026**, each party shall file with the Clerk of Court a pretrial memorandum. The pretrial memoranda shall include the following:

    (a)    All stipulations of counsel;

    (b)    The identity of each witness and a detailed description of the substance of each witness's testimony. Identifying a witness as giving testimony on liability and/or damages is insufficient;

    (c)    A statement of objection to: (a) the admissibility of any exhibit based on authenticity; (b) the admissibility of any evidence expected to be offered for any reason (except objections to relevancy); (c) the adequacy of the qualifications of an expert witness expected to testify and (d) the admissibility of any opinion testimony from lay witnesses pursuant to Fed. R. Evid. 701. Such objection shall describe with particularity the ground and the authority for the objection; and

    (d)    Deposition testimony (including videotaped deposition testimony) that the party intends to offer during its case-in-chief. The statement should include citations to the page and line number and the opposing party's counter-designations.

With their pretrial memoranda, counsel must submit ***one unified and agreed upon*** set of proposed jury instructions on substantive issues and ***one*** proposed verdict form or set of special interrogatories to the jury. If counsel cannot agree on a particular instruction, they must submit their competing versions along with a statement explaining why the Court should give their proposed instruction. Proposed jury instructions must be tailored and personalized for the case

and should include accurate quotes from, and citations to, cases and pattern jury instructions where appropriate. If pattern instructions are to be given, those instructions should be taken from the Third Circuit Model Jury Instructions wherever possible. United States Supreme Court or Third Circuit Court of Appeals cases should be cited wherever applicable. In addition to filing the proposed jury instructions and verdict form on the Court's docket, the parties must e-mail the documents in Word format to Chambers_Judge_Marston@paed.uscourts.gov.

12. A final pretrial conference will be held on **March 10, 2026, at 10:00 a.m., in Chambers (Room 16613)**. Counsel shall be prepared to address any pending motions *in limine*, and objections to witnesses and exhibits. It is expected that counsel attempted to resolve all objections to exhibits and testimony prior to the final pretrial conference, leaving for the Court only those objections the parties could not resolve. Counsel are also expected to have discussed with their respective clients prior to the conference the issues to be addressed at any conference with the Court and to come to the conference with all necessary authority. Trial counsel must attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

13. At the final pretrial conference, the parties shall provide the Court with a copy of each exhibit and two copies of a schedule of exhibits which shall describe each exhibit. Exhibits shall be arranged and tabbed in a three-ring binder. The parties shall also provide the Court with a thumb drive containing electronic copies of all the exhibits.

14. No later than **March 17, 2026**, counsel shall submit a trial brief on the legal issues to be resolved at trial. Counsel shall also submit proposed questions for voir dire.

15. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated to

by all affected parties and approved by the Court.

16. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

17. This case will be listed for trial on **March 31, 2026 at 9:30 a.m., in Courtroom 16B**. Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial.

*/s/ Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.